ELECTRONICALLY FILED - 2021 Mar 19 11:33 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4001284

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Maurice Young,<br><br>      Plaintiff,<br><br>v.<br><br>CSL Plasma, Inc.,<br><br>      Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No. 2021-CP-40-<br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                 **CROMER BABB PORTER & HICKS, LLC**

            BY:  s/Shannon Polvi
               Shannon Polvi (#101837)
               1418 Laurel Street, Ste. A
               Post Office Box 11675
               Columbia, South Carolina 29211
               Phone: (803) 799-9530
               Fax: (803) 799-9533
            *Attorney for Plaintiff*

March 19, 2021
Columbia, South Carolina

1

ELECTRONICALLY FILED - 2021 Mar 19 11:33 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4001284

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Maurice Young,<br><br>                Plaintiff,<br><br>v.<br><br>CSL Plasma, Inc.,<br><br>                Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No. 2021-CP-40-<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

## EMPLOYMENT CASE

Plaintiff, by and through the undersigned counsel, complaining of the Defendant, respectfully alleges as follows:

## PARTIES & JURISDICTION

1.   Plaintiff, Maurice Young (hereinafter "Plaintiff"), is a citizen and resident of Richland County, South Carolina.

2.   Defendant, CSL Plasma, Inc. (hereinafter "Defendant"), is a blood and plasma donation center that maintains two donation centers in Richland County, South Carolina.

3.   This action arises under the Common Law of South Carolina.

4.   Jurisdiction and venue are within the judicial circuit because the parties have sufficient connections to this circuit, and the events giving rise to this action occurred in Richland County, South Carolina.

## FACTUAL ALLEGATIONS

5.   Plaintiff regularly donated plasma at Defendant's Columbia locations.

6.   Plaintiff is married to a former employee of Defendant. Plaintiff's wife, Courtney Young, was a Medical Operations Supervisor.

2

3

7. On March 21, 2019, Mrs. Young was working at the 215 Assembly Street location when the Center Medical Director, Dr. Jennings, from the Decker Blvd. location, came to speak with Mrs. Young.

8. The purpose of Dr. Jennings' conversation with Mrs. Young was to inform her that she was a "cohabitant" of one of their donors who had received an unsuitable test result.

9. Dr. Jennings informed Mrs. Young that the donor was her husband, and he named the specific disease for which Plaintiff purportedly tested positive.

10. Mrs. Young was shocked by the news.

11. Defendant had not informed Plaintiff of any purportedly unsuitable test results.

12. It became known that Plaintiff's test results, and vicariously Mrs. Young's purported own positive results, had been circulated to the persons physically in the CSL Plasma location at 215 Assembly Street and at the 2768 Decker Blvd Suite 300A location on March 21, 2019.

13. Temel Dickerson, a medical staff associate at the CSL Decker Blvd location where Plaintiff was a donor, overheard public gossip about Plaintiff protected health information and false accusations that he had a venereal disease.

14. Temel Dickerson reported those conversations to Monique Simpson.

15. Monique Simpson then shared those statements with Nevel Bain.

16. Nevel Bain reached out to McIntyre about such statements.

17. The false information was further disseminated to Brando Butler, the Assistant Center Manager at the Columbia CSL Plasma Center.

18. The false information was further shared with Monica McKinley and Shereka Slater, two reception techs at the center.

19. Jamie Garlinger was also made aware of the false information.

20. Mrs. Young found out that all those people, and possibly also others, knew that Plaintiff, and thereby also herself, were being accused of having a venereal disease.

21. Plaintiff and Mrs. Young were highly distressed, not only by the news itself, but by such personal information being inappropriately exposed to others within two CSL Plasma workplaces.

22. Mrs. Young informed Plaintiff of the purported positive test result. Plaintiff was blinded sided, as he had not yet been notified of any results.

23. Mrs. Young recommended that Plaintiff go to the Veterans Hospital, where he receives medical care, and get tested. The test result was negative.

24. Plaintiff and Mrs. Young were very upset, and these events caused immediate harm to their marriage and household that continues to the present.

25. These events also ultimately ended Mrs. Young's employment with Defendant and significantly impacted the household income.

26. Plaintiff suffers from PTSD, depression, and an inability to focus due to these events.

27. Both Plaintiff and Mrs. Young have had adverse employment impacts, and been extremely depressed due to these events.

28. The conduct of CSL Plasma's representatives have drastically changed Plaintiff's marriage; Plaintiff and her husband attend counseling as a couple.

**FOR A FIRST CAUSE OF ACTION**
**(Invasion of Privacy: Wrongful Intrusion into Private Affairs)**

29. Where not inconsistent herewith, Plaintiff realleges the foregoing.

4

30. Wrongful intrusion into private affairs consists of intrusion which may consist of watching, spying, prying, besetting, overhearing, or other similar conduct; intrusion which concerns those aspects of oneself, home, family, personal relationships, and communications which one normally expects will be free from exposure to Defendant; substantial and unreasonable intrusion; and intentional act or course of conduct by Defendant.

31. Defendant's conduct, as described above, wrongfully intruded upon Plaintiff.

32. Defendant's intrusions concerned Plaintiff's protected medical information, personal life, and home.

33. Plaintiff was entitled to an expectation that his medical information remain confidential in accordance with Defendant's own policies and statutory and regulatory requirements about protected health information.

34. Defendant's intrusion was intentional.

35. Defendant is liable for all economic, compensatory, and punitive damages to Plaintiff. Defendant caused and is liable for the damages associated with the loss of earning capacity, lost income Plaintiff received from regularly donating plasma, consequential damages, mental and emotional distress, prejudgment interest, the costs and attorney's fees of prosecuting this cause of action, and all other recoverable damages.

**FOR A SECOND CAUSE OF ACTION**
**(Invasion of Privacy: Publication of Private Affairs)**

36. Where not inconsistent herewith, Plaintiff realleges the foregoing.

37. Defendant gave publicity to a matter that is private, specifically that Plaintiff purportedly received an unsuitable test result for a disease that would permanently disqualify him from donating plasma.

38. This publication is highly offensive to a reasonable person. A reasonable person would be highly offended if a delicate health matter was publicized, even if they had the disease. A reasonable person would be even more offended because the information was false, Plaintiff does not have the disease.

39. Plaintiff's medical test results are not of legitimate public concern.

40. This information was published with malice.

41. Defendant is liable for all economic, compensatory, and punitive damages to Plaintiff.  Defendant caused and is liable for the damages associated with the loss of earning capacity, lost income Plaintiff received from regularly donating plasma, consequential damages, mental and emotional distress, prejudgment interest, the costs and attorney's fees of prosecuting this cause of action, and all other recoverable damages.

## FOR A THIRD CAUSE OF ACTION
(Defamation)

42. Where not inconsistent herewith, Plaintiff realleges the foregoing.

43. Defendant, by word and by act, through Defendant's employees and administrative personnel, published to third parties the protected medical information of Plaintiff, thus leading to gossip and speculation that Plaintiff and Mrs. Young have a venereal disease.

44. The statements have a defamatory meaning in South Carolina and are false because subsequent testing proved that neither had that communicable disease.

45. Defendant's employees made it clear to other employees of Defendant, outside of the need-to-know basis, that Plaintiff tested positive for a disease that would disqualify him from being a plasma donor. This falsely accused Plaintiff of having a venereal disease.

46. Defendant's conduct as alleged here constitutes actionable *per se* defamation for which the Defendants are liable.

47. Plaintiff has suffered damages as a direct and proximate result of the defamation alleged here including: reputational loss, marital disruption, embarrassment, pain and suffering, stress and anxiety, and diminished earning capacity. Plaintiff is entitled to the attorney fees and costs of this claim. Plaintiff further seeks and is entitled to pre-judgment interest on all damages alleged.

48. Defendant acted defamed Plaintiff with actual malice, and he is entitled to punitive damages.

## **FOR A FOURTH CAUSE OF ACTION**
**(Loss of Consortium)**

49. Where not inconsistent herewith, Plaintiff realleges the foregoing.

50. Plaintiff is married.

51. Plaintiff's wife was tortuously harmed by Defendant.

52. Defendant defamed Plaintiff's wife by falsely accusing him and her of having a venereal disease and publishing such defamation as described above.

53. Defendant is liable to Plaintiff's wife for the harms of defamation and employment claims. Such liability sources from the events described in this Complaint and Mrs. Young's Complaint.

54. As a result of Defendant's unlawful conduct toward Mrs. Young, Plaintiff suffered damage. Plaintiff has been depressed due to these events. The conduct of Defendant's representatives have drastically changed Plaintiff's marriage. Plaintiff and Mrs. Young attend counseling as a couple. Plaintiff has suffered a loss of spousal services and companionship because

7

ELECTRONICALLY FILED - 2021 Mar 19 11:33 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4001284

ELECTRONICALLY FILED - 2021 Mar 19 11:33 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4001284

of Defendant's unlawful conduct toward Mrs. Young. Plaintiff is entitled to compensatory damages, attorney's fees, costs, and punitive damages for this cause of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for all actual, compensatory, and legally presumed damages in an amount to be determined by a jury. Plaintiff requests an award of punitive damages from Defendant for the willful and wanton treatment afforded her. Plaintiff also prays for pre-judgment interest, tax offset of a lump sum award, attorney's fees and costs of this action, and any other and further relief as this Court may deem just and proper from Defendant.

**CROMER BABB PORTER & HICKS, LLC**

BY:    s/Shannon Polvi
      Shannon Polvi (#101837)
      1418 Laurel Street, Ste. A
      Post Office Box 11675
      Columbia, South Carolina 29211
      Phone: (803) 799-9530
      Fax: (803) 799-9533
*Attorney for Plaintiff*

March 19, 2021
Columbia, South Carolina